## CIRCUIT COURT OF THE CITY OF RICHMOND

Emmett M. Avery, III

    v.

United Leasing Corp.

April 28, 1988

Cases No. LL-3199-4 and LL-3200-4

By JUDGE RANDALL G. JOHNSON

These cases are before the court on plaintiff's demurrer and motion to dismiss the counterclaim filed by defendant.[1] In LL-3199-4, plaintiff alleges that pursuant to an agreement between him and defendant, he was to be paid commissions at the rate of 5% of the equipment cost for all lease contracts which he obtained for the defendant. He further alleges that in spite of his obtaining a lease for defendant with an equipment cost of $550,000, defendant has refused to pay him a commission. In LL-3200-4, plaintiff alleges that defendant executed a promissory note payable to plaintiff in the amount of $11,287.38, and that such note is in default. In its counterclaim, defendant alleges that plaintiff (1) breached an agreement which he had with defendant to dedicate 100% of his business time and effort to his employment with defendant; (2) breached his fiduciary duty not to compete with defendant while he was so employed; and (3) conspired and agreed with others to direct business away from defendant. The counter-

---

[1] Although only one counterclaim was filed, the court will treat it as having been filed in both cases.

claim seeks \$40,000 in compensatory damages and \$200,000 in punitive damages.

Plaintiff's demurrer is based on four grounds. First, that as a "commissioned salesman," which the counterclaim alleges plaintiff was, plaintiff had no duty not to compete against defendant. Second, that the agreement alleged in the counterclaim imposes a restraint on plaintiff's activities which is impermissibly indefinite, vague, and unrestricted as to time, place, and activity. Third, that the allegations of the counterclaim, if established, would amount to a restraint of trade as to plaintiff, and would thus be against public policy. And fourth, that the counterclaim is defective because it states it is filed by the plaintiff (instead of by the defendant), and because the certificate of service refers to the pleading as an "Amended Motion for Judgment" rather than a counterclaim.

Plaintiff's motion to dismiss is based on plaintiff's contentions that (1) the counterclaim fails to allege consideration for the agreement not to compete, and (2) that because there exists a written "Relationship Letter" between the parties which "establishes" that plaintiff was an independent contractor, plaintiff owed no fiduciary duty to defendant. Because all of the grounds for the demurrer and motion to dismiss, except the fourth ground of the demurrer, are closely related, they will be considered together. The fourth ground of the demurrer, alleging misidentification of the parties and pleading, will be considered first. For the reasons which follow, the demurrer will be overruled and the motion to dismiss will be denied.

1. *Misidentification Of Parties And Pleading*

It is true that the introductory sentence of the counterclaim states "COMES NOW plaintiff . . ." instead of defendant, and that the certificate of service contained in the counterclaim refers to the document as an "Amended Motion for Judgment." There is, however, no allegation, nor could there rationally be one, that plaintiff has in any way been prejudiced by these errors. While counsel for defendant would do well to pay closer attention to

papers filed with the court, the court will not sustain a demurrer based on such trivial mistakes.[2]

## 2. *Duty Not To Compete*

Plaintiff's first argument concerning defendant's allegation that plaintiff had a duty not to compete with defendant centers around the characterization of plaintiff's employment. According to plaintiff, an employee--as opposed to an agent or independent contractor--has no such duty, and since the counterclaim specifically alleges that plaintiff was an employee of the defendant, there was no duty on him not to compete with defendant here. Plaintiff misstates the law. In *Community Counseling Service, Inc. v. Reilly*, 317 F.2d 239 (4th Cir. 1963), the court set out the well-established duty of an employee to faithfully serve his employer:

> Employment as a sales representative demands of the employee the highest duty of loyalty. It is not without its difficulties when the employment continues after the employee has arrived at a fixed determination to leave his employment, for then his interests and those of his employer have lost their identity and may have become conflicting. Until the employment relationship is finally severed, however, the employee must prefer the interests of his employer to his own. During such a period, he cannot solicit for himself future business. which his employment requires him to solicit for his employer. If prospective customers undertake the opening of negotiations which the employee could not initiate, he must decline to participate

---

[2] See also Va. Code Section 8.01-275. "No action or suit shall abate for want of form where the motion for judgment or bill of complaint sets forth sufficient matter of substance for the court to proceed upon the merits of the cause. The court shall not regard any defect or imperfection in the pleading, whether it has been heretofore deemed mispleading or insufficient pleading or not, unless there be omitted something so essential to the action or defense that judgment, according to law and the very right of the cause, cannot be given."

in them. Above all, he should be candid with his employer and should withhold no information which would be useful to the employer in the protection and promotion of its interests. 317 F.2d at 244. *See also* 12B M.J., *Master and Servant*, § 6 (pp. 178-9).

The allegation of the counterclaim here, both with regard to plaintiff's duty not to compete and with regard to the breach thereof, are clearly sufficient to come within the above-stated principles. Accordingly, plaintiff's argument in that regard must fail.[3]

Plaintiff's other argument concerning defendant's allegation of plaintiff's duty not to compete involves the alleged agreement between the parties that plaintiff would "dedicate 100% of his business time and effort toward generating business for" defendant. Plaintiff argues that this allegation is defective because no consideration is alleged. Only an impermissibly narrow reading of the counterclaim, however, would lead to such conclusion. Paragraph 1 of the counterclaim identifies the defendant. Paragraph 2 alleges that plaintiff was an employee of defendant. Paragraph 3 sets out the compensation arrangement under which plaintiff worked. And paragraphs 4 and 5 allege the agreement now challenged by plaintiff as lacking in consideration. Such challenge is without merit since any reasonable reading of the counterclaim necessarily shows that plaintiff's agreements as alleged were part of his employment contract, the consideration for which were the commissions paid to him. Thus, the counterclaim

---

[3] Plaintiff apparently confuses the duty of a FORMER employee with the duty of a current employee. While certain noncompetition restrictions on former employees have been held to be invalid because they were impermissibly indefinite, vague, etc., or were contrary to public policy as a restraint on trade, those holdings have no application to CURRENT employees. Moreover, the case of W. H. Elliott & Sons Co., Inc. v. Gotthardt, 305 F.2d 544 (1st Cir. 1962), relied upon by plaintiff, did not involve a duty not to compete. That case also has no application here.

With regard to whether plaintiff was an employee or an independent contractor, the counterclaim -- which at this stage of the proceedings must be taken as true -- specifically alleges that plaintiff was an employee.

does allege consideration for the alleged agreements, and accordingly survive plaintiff's demurrer and motion to dismiss.

### 3. *Other Matters*

Finally, while not specifically included in his motion to dismiss, plaintiff, during oral argument and in his supporting memoranda, argues that the counterclaim should be dismissed because (1) it was filed more than 21 days after service of the motions for judgment, and (2) that the counterclaim is barred by res judicata. According to the court's files, the motion for judgment was served on November 30, 1987. The counterclaim was filed on December 15, 1987, only 15 days later. The court does not understand plaintiff's argument in this regard.

With regard to res judicata, it appears that defendant previously filed a motion for judgment against plaintiff and two other parties in the Circuit Court of Hanover County alleging a breach of plaintiff's employment agreement and a violation of Va. Code § 18.2-499; *i.e.*, combining to injure defendant in its trade or business. A demurrer to that motion for judgment was sustained, *but with leave to amend*. An amended motion for judgment was then filed, but defendant (plaintiff in the Hanover case) took a nonsuit before trial. Since res judicata applies only to judgments on the merits, and since the granting of leave to amend in Hanover conclusively shows that the merits were *not* decided in the order sustaining the demurrer, res judicata cannot apply here.